USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/16/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

JOHN IOAN RESTEA,                                  :
                                                   :
                                    Plaintiff,     :          17-CV-4801 (VEC)(GWG)
                                                   :
                    -against-                      :          ORDER ADOPTING IN PART
                                                   :          REPORT &
BROWN HARRIS STEVENS LLC,                          :          RECOMMENDATION
                                                   :
                                    Defendant.     :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

Plaintiff John Ioan Restea, proceeding *pro se*, alleges that his former employer

discriminated against him on the basis of his national origin. He brings claims under Title VII of

the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City

Human Rights Law. On July 27, 2017, this Court referred the action to Magistrate Judge

Gorenstein for general pretrial supervision, and preparation of a report and recommendation on

any dispositive motions pursuant to 28 U.S.C. § 636(b). Dkt. 7. In response to Plaintiff's

complaint, Defendant moved to dismiss or, in the alternative, to compel arbitration. Dkt. 17. On

March 23, 2018, Judge Gorenstein issued his Report and Recommendation (the "R&R"). Dkt.

29. The Magistrate recommends the Court grant Defendant's motion and compel arbitration.

Dkt. 29. Rather than objecting, Plaintiff filed a letter reiterating his original arguments in

opposition to the Motion to Dismiss, and adding a new request that the case be stayed. Dkt. 30.

Defendant has also filed a memorandum of law in support of the R&R. Dkt. 31. Upon careful

review of the R&R, the Plaintiff's and Defendant's filings, and the record, the R&R is

ADOPTED IN PART AND MODIFIED IN PART.

1

**LEGAL STANDARD**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no objections are made to a magistrate judge's report, a district court may adopt the report so long as "there is no clear error on the face of the record." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). When the objections are "conclusory or general, or simply reiterate original arguments" the Court reviews only for clear error. *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011). Where, however, specific objections to the R&R have been made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 136 (b)(1)(C); *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38-39 (2d Cir. 1997). The court need not consider arguments and factual assertions unrelated to the findings of the magistrate judge. *Robinson v. Keane*, No. 92-CV-6090 (CSH), 1999 WL 459811 at *4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before the Magistrate Judge and therefore were not addressed by him; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made in the Report and Recommendation."). When reviewing the submissions of a *pro se* litigant, they must be "construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2008)).

**DISCUSSION**

Plaintiff's objections raised in his recent filing "simply reiterate original arguments," *Pineda*, 831 F. Supp. 2d at 671, and are largely irrelevant; even with the benefit of liberal

construction they are not responsive to the Magistrate's analysis. Plaintiff's primary argument is that his union—which is not a party to this case—did not adequately represent him in his dealings with the Defendant. His other concerns are directed not at the question of arbitrability, but at the events underlying his claims, and are therefore inapposite to the question of whether the collective bargaining agreement ("CBA") to which he is bound requires arbitration of his claims. Plaintiff does not dispute that the CBA applies or that its arbitration clause covers discrimination claims. Dkt. 30. Because no specific and relevant objections to the R&R were raised, the Court reviews for "clear error." *Phillips*, 955 F. Supp. 2d at 211. Upon careful review, the Court finds no clear error in Magistrate Judge Gorenstein's well-reasoned decision. The CBA is binding on Plaintiff and requires arbitration of the discrimination claims he asserts in this action. Dkt. 29 at 8-9.

Magistrate Judge Gorenstein had concluded that absent a request for a stay, the case must be dismissed. Dkt. 29 at 10-11. In his response to the R&R, however, Plaintiff added a new request that the proceedings be stayed, rather than dismissed. Dkt. 30 at 1. When there is a request for a stay of proceedings pending arbitration, Section 3 of the Federal Arbitration Act (the "FAA") provides that a stay is mandatory. 9 U.S.C. § 3; *see Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015). A stay is mandatory as long as there is an underlying action before the court. *Wells Fargo Advisors, L.L.C. v. Tucker*, No. 15-CV-7722 (VEC), 2016 WL 6208566, at *3 (S.D.N.Y. Oct. 21, 2016). While Plaintiff's claims are subject to arbitration, the underlying action still exists; accordingly, Section 3 of the FAA applies and a stay must be granted, pending the conclusion of arbitration.

## CONCLUSION

The R&R is ADOPTED IN PART, as modified herein. Plaintiff's objections to the R&R are OVERRULED. Defendants' motion to compel arbitration is GRANTED. Plaintiff's request for a stay pending the conclusion of arbitration is GRANTED.

The Clerk of Court is respectfully requested to close the open motion at docket entry 17 and STAY the case. The Clerk of Court is further requested to mail a copy of this Order to Plaintiff and note service on the docket.

**SO ORDERED.**

Date: **July 16, 2018**
      **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**